UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Stephen M. Romain, *on behalf of himself and others similarly situated*, | )<br>)  Case No.<br>) |
| Plaintiff, | )  CLASS ACTION COMPLAINT<br>) |
| v. | )  Jury Trial Demanded<br>) |
| Deliver Technology, LLC and Cogint, Inc., | )<br>) |
| Defendants. | ) |

**Nature of this Action**

1. Stephen M. Romain ("Plaintiff") brings this class action against Deliver Technology, LLC ("Deliver Technology") and Cogint, Inc. ("Cogint") (together, "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendants routinely violate the TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice, without the prior express consent of those consumers.

1

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b), as a portion of the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Cogint is headquartered and transacts business in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided in Austin, Texas.

7. Deliver Technology is limited liability company registered in Delaware that operates the website www.savetoday.com, which bills itself as a "one-stop online destination for premium savings and samples" and advertises a collection of "the best samples, deals, coupons & sweepstakes" available on the internet and compiled "in one convenient location."[1]

8. In or about December 2015, Deliver Technology was a wholly-owned subsidiary of Fluent, Inc. ("Fluent") when Fluent was acquired by IDI, Inc. ("IDI").

9. Deliver Technology was a guarantor to the merger credit agreement executed in connection with IDI's acquisition of Fluent.

10. Later, in or about September 2016, IDI changed its name to Cogint.

11. Thus, Deliver Technology is now a wholly-owned subsidiary of Cogint.

12. Cogint is a publicly-traded corporation based in Boca Raton, Florida.

13. According to its website, Cogint "provide[s] solutions to organizations within the risk management and consumer marketing industries" by "[l]everaging leading-edge technology,

---

[1] *See* http://www.savetoday.com/faqs/ (last visited August 10, 2017).

proprietary algorithms, and massive datasets, and through intuitive and powerful analytical applications."[2]

## Factual Allegations

14. In or about January 2017, Plaintiff began receiving telephone calls on his cellular telephone number ending in 2033 from Deliver Technology.

15. During these calls, Deliver Technology used a prerecorded message to offer Plaintiff a reward voucher to sign up for a shopping club membership.

16. Deliver Technology called Plaintiff's cellular telephone at least four times with the same or similar offer for one of its club memberships.

17. Specifically, Deliver Technology placed at least one call to Plaintiff's cellular telephone number on January 5, 2017, March 9, 2017, March 23, 2017, and March 24, 2017.

18. On Deliver Technology's first call to Plaintiff's cellular telephone, he answered the call and followed the automated instructions to remove his cellular telephone number from Deliver Technology's calling list.

19. Nevertheless, Deliver Technology continued to place calls to Plaintiff's cellular telephone even after Plaintiff's request for it to stop calling.

20. During one conversation between Plaintiff and one of Deliver Technology's representatives, the representative informed Plaintiff that she worked for "Save Today."

21. Save Today's website—www.savetoday.com—lists Deliver Technology as its operator.

22. Upon information and good faith belief, Cogint—as the owner of Deliver Technology—controls Deliver Technology's operations.

---

[2] *See* http://cogint.com/ (last visited August 10, 2017).

23. Deliver Technology placed its calls to Plaintiff's cellular telephone number from various telephone numbers, including (618) 857-3197, (518) 350-1013, (719) 849-4010, and (714) 687-8363.

24. Upon dialing phone numbers (618) 857-3197 and (714) 687-8363, the caller is greeted by a recorded message that states: "Hi, this is Julie with Reward Redemption. You recently visited one of our affiliate websites, and in appreciation, we have a $100 rebate voucher for you redeemable at popular stores like Walmart, Best Buy, Home Depot, and many more."

25. The recorded message goes on to provide instructions for how to receive more information or be removed from Deliver Technology's calling list.

26. At one point in time, upon dialing phone number (719) 849-4010, the caller was greeted by a similar recorded message, which stated: "Congratulations. In appreciation of viewing one of our websites, we have a special gift for you. Please press 1 to claim your free gift, or press 5 to be removed."

27. However, the phone number (719) 849-4010 is no longer in service as of the filing of this complaint.

28. Upon information and good faith belief, and in light of the frequency, nature, and character of the calls, including the use of an artificial or prerecorded voice, Deliver Technology placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

29. Upon information and good faith belief, and in light of the frequency, nature, and character of the calls, including the use of an artificial or prerecorded voice, Deliver Technology placed its calls to Plaintiff's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential

4

number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

30.   Upon information and good faith belief, and in light of the frequency, nature, and character of the calls, including the use of an artificial or prerecorded voice, Deliver Technology placed its calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

31. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

32. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

33. Defendant did not have Plaintiff's prior express consent to make any calls to his cellular telephone number.

34. Plaintiff never provided his cellular telephone number to Defendant.

35. Plaintiff never had any business relationship with Defendant.

36. Deliver Technology did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

37. Deliver Technology placed its calls to Plaintiff's cellular telephone number under its own free will.

38. Upon information and good faith belief, Deliver Technology placed the calls at issue to Plaintiff willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

39. Upon information and good faith belief, Deliver Technology had knowledge that it was using, and intended to use, an automatic telephone dialing system and an artificial or prerecorded voice to place the calls at issue to Plaintiff.

40. Upon information and good faith belief, Deliver Technology maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

41. Plaintiff suffered harm as a result of Deliver Technology's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

42. Moreover, Deliver Technology's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

43. Additionally, upon information and good faith belief, at all relevant times, Cogint controlled, or had the right to control, its wholly-owned subsidiary, Deliver Technology, with regard to Deliver Technology's actions in making the calls to Plaintiff.

44. That is, Cogint authorized, ratified, or otherwise approved Deliver Technology's activities that resulted in the unwanted calls to Plaintiff.

## Class Allegations

45. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Deliver Technology, LLC and/or Cogint, Inc. placed, or caused to be placed, more than one call (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through and including the date of class certification, (5) absent prior express consent—in that Deliver Technology, LLC and/or Cogint, Inc. made an unsolicited telemarketing call to the called party.

46. Excluded from the class are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants, individually or collectively, have or had a controlling interest.

47. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

48. The exact number of the members of the class is unknown to Plaintiff at this time, and can only be determined through appropriate discovery.

49. The members of the class are ascertainable because the class is defined by reference to objective criteria.

50. In addition, and upon information and belief, class members can be identified because their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendants and third parties.

51. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

52. As they did for all members of the class, Defendants used an automatic telephone dialing system or an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

53. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

54. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class he seeks to represent.

55. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

57. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

58. There will be little difficulty in the management of this action as a class action.

59. Issues of law and fact common to the members of the class predominate over any

questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class.

60. Among the issues of law and fact common to the class are:

   a. Defendants' violations of the TCPA as alleged herein;

   b. Defendants' use of an automatic telephone dialing system as defined by the TCPA;

   c. Defendants' use of an artificial or prerecorded voice to place telephone calls to consumers; and

   d. The availability of statutory penalties.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1 through 60.

62. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

63. As a result of Defendants' violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Trial by Jury

64. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action;

   b) Designating Plaintiff as class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendants from continuing to place telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone number and to the cellular telephone numbers of all class members without express consent;

f) Awarding Plaintiff and the members of the class actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500 per violation;

g) Awarding Plaintiff and the members of the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

Date: August 10, 2017

*/s/ Jesse S. Johnson*
Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913

Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*